IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA

v.

LYNETTE READ SHARP (05)

No. 4:25-CR-282-P

## FACTUAL RESUME

PLEA:   One Count Information, Providing Material Support to Terrorists, violation of 18 U.S.C. § 2339A

MAXIMUM PENALTY:

- Imprisonment not to exceed 15 years;
- A fine not to exceed $250,000 or both a fine and imprisonment;
- A supervised-release term not to exceed three years, which would follow any prison term. If the defendant violates any of the supervised-release conditions, the Court could revoke the defendant's supervised release and order the defendant to serve additional time in prison;
- A $100 mandatory special assessment;
- Forfeiture of property; and
- Restitution

ELEMENTS OF THE OFFENSE:

The essential elements that must be proved beyond a reasonable doubt to establish the offense charged are as follows:

First:   The defendant provided, attempted to provide, or conspired to provide material support or resources, or concealed or disguised, attempted to conceal or disguise, or conspired to conceal or disguise the nature, location, source, or ownership of material support or resources in the manner described in the indictment; and

Second:   The defendant knew and intended that the material support or resources were to be used to prepare for or carry out the concealment of an escape from the commission of 18 U.S.C. § 1114.

**Factual Resume - Page 1**

STIPULATED FACTS:

On or about July 4, 2025, Coconspirator-1 engaged in an act of terrorism targeting the Prairieland Detention Center (Prairieland) in Alvarado, Texas, namely, attempted murder of two officers of the United States Government and one police officer assisting such officers, in violation of 18 U.S.C. § 1114. Coconspirator-1, along with Lynette Read Sharp and other coconspirators, adhered to an anti-fascist, anti-I.C.E, anti-government ideology, which the government classifies as Antifa. Coconspirator-1 attempted to commit the murder at Prairieland on July 4 with the intent to influence the conduct of the government by intimidation and coercion and to retaliate against the government for its immigration policies.

On or about July 5, 2025, Sharp learned that Coconspirator-1 had engaged in the act of terrorism described above, had escaped immediate arrest, and was hiding in the woods near Prairieland. Knowing this, Sharp conspired with others to provide property, lodging, communications equipment, personnel, and transportation, knowing and intending that such support was to be used to conceal Coconspirator-1's escape from the act of terrorism.

For example, on or about July 5, 2025, Sharp communicated with Coconspirator-1 using an encrypted messaging application and arranged with other coconspirators to pick Coconspirator-1 up near Prairieland and drive Coconspirator-1 to an apartment in the Northern District of Texas. Then on July 6, Sharp provided Coconspirator-1 with clothing, a whig, a face covering, and other items so Coconspirator-1 could disguise his appearance from law enforcement. Later, Sharp arranged for Coconspirator-1 to be brought to a public parking lot to hand him off to another coconspirator, who drove Coconspirator-1 to a different apartment. Sharp knew and intended that these transfers and the items she provided to Conconspirator-1 were to be used to conceal and facilitate Coconspirator-1's escape from capture for his act of terrorism, namely, a violation of 18 U.S.C. § 1114.

SIGNED this 10th day of November, 2025.

_____
LYNETTE READ SHARP
Defendant

_____
ERIN KELLEY
Counsel for Defendant